| CIVIL ACTION COVER SHEET | DOCKET NO(S) BLS 14-3181 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Johnson Khath, individually and on behalf of persons similarly situated | | DEFENDANT(S) Midland Funding, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Kenneth D. Quat, 678 Mass. Ave., Cambridge MA 02139 Joseph C. Culik, 18 Commerce Way, Woburn MA 01801 | | ATTORNEY (if known) |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
Yes_____ (B) ( ) Yes ( ) No

BH.2 Unfair trade practices

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a class action on behalf of potentially thousands of Massachusetts consumers who have been subjected to illegal debt collection activity by Defendant. Defendant purchases defaulted consumer debt for the purpose of collection. Plaintiff contends that Defendant was required to be licensed as a "debt collector under G.L. c. 93, §24A, before attempting to collect consumer debts from Massachusetts residents, but was not. A violation of the licensing statute is a violation of G.L. c. 93A as well as a criminal offense. During the four-year time period encompassed by the complaint, Defendant sued (or threatened to sue) numerous Massachusetts consumers, undertook post-judgment collection efforts, and reported consumers to credit bureaus. Plaintiff seeks to void judgments obtained by Defendant, to recover monies unlawfully collected by Defendant, to recover legal fees incurred by consumers in defending against Defendant's unlawful conduct, and for injunctive and declaratory relief. (In conjunction with the filing of this complaint, P is serving a c. 93A demand letter on Defendant; should this not result in settlement, Plaintiff intends to amend the complaint to add a c. 93A claim, and will seek multiple damages under the statute). Because of a number of factors – including but not limited to the size of the potential class, the likely complexity of both merits and class discovery, and the necessity of crafting appropriate relief for individual class members and the class as a whole - substantial case management will be required and is best provided in the BLS session. Moreover, this is but one of several similar cases being filed against similar entities; thus, litigating all such cases in a single session of the trial court will help conserve judicial resources, as well as the resources of the various parties.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.
1365 MBS 14-2684, 14-2685, 14-2686

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record_____
DATE: 10/6/14

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Superior Court Department
No.

14-3181 BLS

JOHNSON KHATH, on behalf of himself )
and all other persons similarly situated, )
           Plaintiff )
            )
            )
v. )
            )
MIDLAND FUNDING, LLC, )
           Defendant )

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Introductory Statement

Defendant Midland Funding, LLC is engaged in the business of collecting defaulted consumer debts, primarily credit card accounts, which it purchases for pennies on the dollar. Under Massachusetts law, Defendant is considered to be a "debt collector" and therefore must obtain a license from the Commissioner of Banks ("Commissioner") before undertaking collection activity against Massachusetts consumers. However, for years Defendant has operated as a debt collector in Massachusetts without a license, subjecting Massachusetts residents to unlawful collection activity and unlawfully obtaining substantial sums of money from them. Defendant's conduct not only violated the rights of Massachusetts consumers, but was also criminal in nature. Plaintiff brings this action seeking disgorgement of monies unlawfully obtained by Defendant, recovery of damages resulting from Defendant's unlawful conduct, and declaratory and injunctive relief.

1

## Parties

1. Plaintiff Johnson Khath is an individual who at times relevant to this complaint has resided in Malden, Middlesex County, Massachusetts.

2. Defendant Midland Funding, LLC is a limited liability company organized under the laws of Delaware, having a principal place of business in San Diego, California, and conducting business in the Commonwealth of Massachusetts.

## Facts Relating to Defendant's Business Practices, and Relevant Principles of Law

3. Defendant's principal business is the collection of defaulted consumer debts, as this is Defendant's principal (if not only) source of income. The debts consist primarily of credit card accounts which Defendant purchases in bulk for pennies on the dollar. "Consumer debts" are monetary obligations incurred primarily for personal, family, or household purposes. 209 CMR 18.02.

4. During times relevant to this complaint, Defendant attempted to collect defaulted consumer debts from Massachusetts consumers, directly or indirectly, in a number of ways, including but not limited to:

(a) Debts were reported to consumer reporting agencies such as Trans Union, Experian, and Equifax ("CRAs"), as obligations owed to Defendant. Credit reporting is a form of debt collection. *See* 209 CMR 18.16 (8)(debt collector prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed). *See, also, Brady v. Credit Recovery Co.*, 160 F.3d 64, 65-66 (1st Cir. 1998)(collector violates the Fair Debt Collection Practices Act ("FDCPA") by not informing CRA that alleged debt was disputed by consumer); *Koller v. West Bay Acquisitions, LLC.*, 2012 WL 1189481 *5 (N.D. Cal. April 9,

2012)("credit reporting is one of the most commonly taken steps in debt collection efforts"). On information and belief, thousands of consumer debts allegedly owed by Massachusetts residents were reported to CRAs under Defendant's name.

(b) Lawsuits on the debts were filed against Massachusetts residents in Massachusetts courts, with Defendant named as the plaintiff in each case. On information and belief, thousands of such lawsuits have been filed.

(c) Court judgments in favor of Defendant (usually resulting from the consumer's default) were followed by further collection efforts, such as recording executions against consumers' homes, filing motions to attach consumers' bank accounts and to garnish consumers' wages, and filing "supplementary process" complaints against consumers in Massachusetts district courts. On information and belief, thousands of such actions have been taken against Massachusetts consumers in Defendant's name.

(d) Letters seeking payment and/or threatening collection action were sent to Massachusetts consumers by or on behalf of Defendant.

5. Under the Massachusetts licensing statute, a debt collector is defined first as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt." G.L c. 93, §24. Defendant has used and continues to use the mails, telephone lines, the electrical grid, wireless communication systems, and other instrumentalities of interstate commerce to evaluate and purchase defaulted debts for purposes of collection, to attempt to collect and to collect debts, and to engage persons and entities to assist in collecting debts for Defendant, and Defendant's collection of the debts constitutes its principal (if not only) source of income. If Defendant sells or assigns any purchased debts, Plaintiff alleges on information and belief that this only occurs after Defendant

has determined that collection efforts are not economically viable. Accordingly, Defendant is a "debt collector" under Massachusetts law.

6. Under the Massachusetts licensing statute, a debt collector is also defined as a person "who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another." G.L c. 93, §24. The statute further provides that a "debt collector" does not include "a person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity . . . . concerns a debt which was *not* in default at the time it was obtained by the person. G.L. c. 93, §24 (emphasis supplied). In an "Industry Letter" issued June 16, 2006, the Commissioner decreed that entities which seek to collect consumer debts acquired after default – such as Defendant - are "debt collectors" under this prong of the definition. *See Gomes v. Midland Funding, LLC.*, 2012 WL 7801376 (Mass. Super. Sept. 19, 2012). The Commissioner's position is consistent with rulings of the Federal Trade Commission and a number of federal courts in construing the identical definition of "debt collector" under the FDCPA. *See, e.g., Ruth v. Triumph Partnerships*, 577 F.3d 790. 797 (7th Cir. 2009); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173-174 (3rd Cir. 2007).

7. The Massachusetts licensing statute provides important protections for Massachusetts consumers. Before it may operate as a "debt collector," an applicant and its officers and directors must demonstrate to the Commissioner's satisfaction that their "financial responsibility, character, reputation, integrity and general fitness . . . are such as to command the confidence of the public and to warrant the belief that the business . . . will be operated lawfully, honestly and fairly." G.L. c. 93, §24B(a). Thus, for example, the Commissioner may deny a license if the applicant does not have a positive net worth; has violated any state or federal law governing debt collection practices; has defaulted on a debt; has committed any dishonest or deceptive act bearing on the

applicant's fitness to function as a debt collector; or has an adverse credit history. 209 CMR 18.04(2)(a); 209 CMR 18.042)(a)–(f). Debt collection licenses are issued for one-year terms (G.L. c. 93, §24B(b)), and upon request a licensee must disclose such books and records as to enable the Commissioner to determine whether it is complying with the requirements of chapter 93 and all laws and regulations covering debt collection practices in Massachusetts. G.L. c. 93, §24D.

8. A failure to comply with the Massachusetts licensing statute constitutes a *per se* violation of G.L. c. 93A, §2. G.L. c. 93, §28. Such a failure also constitutes a criminal offense. *Id.*

9. At no time relevant to this complaint was Defendant licensed as a debt collector in Massachusetts. Therefore, all of the collection activity directed at Massachusetts consumers as set forth in paragraph 4, above, violated G.L. c. 93, §§24-28 and G.L. c. 93A, §2. In addition, all such collection activity violated 209 CMR 18.16, which prohibits "the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt," and 209 CMR 18.16(5), which prohibits "the threat to take any action that cannot legally be taken." A violation of any of the Commissioner's regulations constitutes a *per se* violation of G.L. c. 93A, §2. 209 CMR 18.22. Finally, all actions taken by Defendant in violation of the licensing statute were criminal in nature:

> Whoever fails to comply with any provisions of this section or sections twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both.

G.L. c. 93, §28. Thus, all judgments obtained by Defendant which are based on defaulted consumer debts are null and void. *See Finch v. LVNV Funding LLC.*, 212 Md. App. 748, 761, 71 A.3d 193, 200 (Md. Court Sp. Appeal 2013).

5

10. A large number of Massachusetts consumers against whom Defendant threatened or took collection action paid money to Defendant. In addition, many of these consumers paid money to attorneys for legal representation in defending against Defendant's actions.

11. At present Defendant continues to pursue unlicensed debt collection activity against Massachusetts consumers, causing them financial loss and other harm. Massachusetts consumers have been injured and will continue to be injured by Defendant's unlawful conduct unless this Court issues appropriate relief.

### Facts Relating to Plaintiff

12. On or about April 17, 2014, Defendant sued Plaintiff in the Malden District Court, Small Claims Session (docket no. 14SC0856) seeking judgment in the amount of $1,028.56, plus court costs, on a defaulted consumer debt which Defendant had purchased from F.I.A. Card Services, N.A.

13. At the time said lawsuit was filed, Defendant was a "debt collector" under both prongs of the definition set forth in G.L c. 93, §24.

14. Plaintiff retained counsel to represent her in the lawsuit, and paid legal fees for said representation.

15. On September 3, 2014, after hearing, judgment was entered for Plaintiff in the Malden District Court action.

### COUNT I: Declaratory and Injunctive Relief

16. The allegations of paragraphs 1 - 15 are incorporated herein by reference as if fully set forth.

17. At all times relevant to this complaint Defendant was required to be licensed by the Massachusetts Division of Banks as a debt collector, but Defendant was never so

licensed.

18.  All actions taken by Defendant against Massachusetts residents, directly or indirectly, in attempting to collect and collecting consumer debts acquired after default, including but not limited to the actions set forth in paragraph 4, above, were unlawful. Moreover, each lawsuit filed against a Massachusetts consumer constituted a criminal act and a fraud on the court, hence each judgment awarded to Defendant is null and void.

19.  Defendant's conduct caused harm to Massachusetts consumers by, *inter alia*, subjecting them to unlawful collection actions and by obtaining monies from them.

20.  There is a controversy between the parties regarding the legality of Defendant's debt collection practices and the validity of court judgments obtained by Defendant.

### Class Allegations

21.  Plaintiff brings Count I on behalf of himself and a class of other persons similarly situated. The class consists of all Massachusetts residents against whom Defendant, within four (4) years of the filing of this action, directly or indirectly took any of the actions set forth in paragraph 4, above, to collect a consumer debt acquired by Defendant after default. Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability. On information and belief, there are at least one hundred class members, making joinder impracticable.

22.  There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are: (a) whether Defendant was required to be licensed as a "debt collector" in Massachusetts; (b) whether Defendant's unlicensed collection actions violated

7

Massachusetts law; (c) whether judgments obtained by Defendant in violation of the Massachusetts licensing statute are void; and (d) whether Defendant's ill-gotten gains from its unlicensed collection actions are subject to disgorgement. The only individual questions involve the specific amounts of money to be awarded to each class member, which can be addressed and resolved through a ministerial review of relevant records.

23. Plaintiff's claim is typical of the claims of class members. All claims are based on the same legal theory, and all arise from the same course of conduct.

24. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the financial losses suffered by a substantial number of class members are such that it would be economically unfeasible for them to individually litigate their claims; (b) the factual and legal issues common to all class members far outweigh any individual questions; (c) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

    WHEREFORE, Plaintiff prays that this Court enter judgment:

(a)    declaring Defendant's unlicensed debt collection activities directed against Plaintiff and the class to be in violation of Massachusetts law;

(b)    declaring all judgments obtained by Defendant against class members within four

(4) years of the filing of this action to be null and void;

(c) declaring all executions, liens, attachments, garnishments, levies, and asset seizures resulting from said judgments to be null and void;

(d) ordering Defendant to disgorge all monies obtained from or on behalf of class members due to its unlawful collection activities;

(e) ordering Defendant to take all necessary steps, within thirty (30) days of judgment, to have all pending lawsuits and all pending post-judgment collection actions against class members dismissed;

(f) enjoining Defendant from attempting to collect or collecting any defaulted consumer debt in Massachusetts without a license as required by law;

(g) ordering such further relief as shall be just and proper.

## COUNT II: Unjust Enrichment

26. The allegations of paragraphs 1 – 15 are incorporated herein by reference as if fully set forth.

27. Defendant has been unjustly enriched by obtaining monies from Massachusetts consumers as a result of one or more of the unlicensed and unlawful debt collection activities described in paragraph 4, above.

## Class Allegations

28. Plaintiff brings Count II on behalf of himself and a class of other persons similarly situated. The class consists of all Massachusetts residents from whom or on whose behalf Defendant received, within three (3) years of the filing of this action, any money toward payment of a consumer debt acquired after default (including interest, costs, and attorney's fees) resulting from any of the activities set forth in paragraph 4, whether taken directly or indirectly by Defendant. Excluded from the class are all past and present employees, agents, officers, and directors of Defendant, and persons who have released Defendant from liability. On information and belief, there are at least one hundred class

members, making joinder impracticable.

29. There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common issues are whether Defendant's unlicensed collection actions as set forth in paragraph 4 violated Massachusetts law. The only individual questions involve the specific amounts of money to be awarded to each class member, which can be addressed and resolved through a ministerial review of relevant records.

30. Plaintiff's claims are typical of the claims of class members. All claims are based on the same legal theory, and all arise from the same course of conduct.

31. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer rights cases, including consumer class actions. Neither Plaintiff nor counsel have any interest or conflict that might cause them to not vigorously pursue this action.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (a) the financial losses suffered by a substantial number of class members are such that it would be economically unfeasible for them to individually litigate their claims; (b) the factual and legal issues common to all class members far outweigh any individual questions; (c) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (d) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

    WHEREFORE, Plaintiff prays that this Court enter judgment:

(a) awarding damages to Plaintiff and class members;

(b) awarding interest, costs, and reasonable attorney's fees;

(c) ordering such further relief as shall be just and proper.

PLAINTIFF REQUESTS TRIAL BY JURY.

Plaintiff, by his attorneys:

_____
Kenneth D. Quat
BBO#408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
ken@quatlaw.com


_____
Josef C. Culik
BBO#672665
CULIK LAW, P.C.
18 Commerce Way, Suite 2850
Woburn MA 01801
617-830-1795
jculik@culiklaw.com