```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

JOHNSON KATH,                     )
      Plaintiff                   )
                                  )
      v.                          )  C.A. No. 14-14184-MLW
                                  )
MIDLAND FUNDING, LLC,             )
      Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                         March 30, 2016

In October 2014, Plaintiff Johnson Khath filed this class action case in Massachusetts Superior Court. Defendant Midland Funding, LLC, ("Midland") subsequently removed the case to federal court. Khath now seeks to remand the case to state court. Khath argues that removal was untimely and that the more than $5,000,000 amount in controversy requirement for removal was not met. Midland opposes the motion to remand and has moved to amend its notice of removal to correct defects in its allegation of jurisdiction.

On January 7, 2016, Magistrate Judge Jennifer Boal issued the attached Report and Recommendations on the parties' motions (the "R&R"). She recommends allowing Midland's motion to amend and, based on the amended notice of removal, denying Khath's motion to remand. The court reaches the same conclusions, although its reasoning differs in part. Accordingly, the Magistrate Judge's Report and Recommendations are being adopted

as modified by this Memorandum and Order, Midland's motion to amend is being allowed, and Khath's motion for remand is being denied.

I. BACKGROUND

On October 8, 2014, Khath filed a class action complaint in the Superior Court for the Commonwealth of Massachusetts. The complaint alleges that Midland operated as a debt collector in Massachusetts without the required license. In Count I, Khath seeks, among other things, injunctive relief vacating all state court judgments in favor of Midland against Massachusetts residents in the four years preceding his complaint. In Count II, he seeks monetary damages based on Midland's allegedly unlawful debt collection in a three-year period prior to his complaint.

Midland removed the case to federal court on November 17, 2014. Its basis for removal was the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). Pursuant to CAFA, Midland asserted that there are at least 100 class members, that there is minimal diversity of parties, and that the aggregate claims of the proposed class exceed $5,000,000.

Khath moved to remand. He argues that removal was untimely, as Midland's Notice of Removal ("NOR") states only that it received that complaint "on or about October 16, 2014" and is, therefore, ambiguous. He also argues that the Rooker-Feldman

doctrine prohibits this court from vacating any state court judgments in Midland's favor. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982). Without knowing what portion of the class members' claims are subject to the Rooker-Feldman doctrine, Khath contends, the court cannot determine whether the $5,000,000 amount in controversy is met. In response, Midland moved to amend its NOR and clarify its grounds for removal. The court referred both motions to Magistrate Judge Boal.

The Magistrate Judge issued her Report and Recommendations on January 7, 2016. She recommends that Midland be allowed to amend its NOR. See R&R at 5-6. Based on the proposed amended complaint, she concludes that removal was timely. See id. at 6-7. She further concludes that, although some of the damages Khath seeks may be barred by the Rooker-Feldman doctrine, that issue will not be ripe to be decided until the court is presented with a motion for class certification. See id. at 7-16. Therefore, she recommends denying Khath's motion for remand. See id. at 16.

II. DISCUSSION

The court has reviewed de novo those portions of the Magistrate Judge's recommendations to which plaintiff has objected. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

3

For the reasons explained below, the court is adopting in part and modifying in part the Report and Recommendations.

Federal courts may permit a party to amend "incorrect statements about jurisdiction that actually exists." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) (citing 28 U.S.C. §1653). As the Magistrate Judge explained, courts generally allow amendment to correct an improperly pled allegation of jurisdiction, but not to add a new basis for jurisdiction. See R&R at 4 (citing In re Pharm. Indus. Average Wholesale Price, 509 F. Supp. 2d 82, 95 (D. Mass. 2007)). Midland's Corporate Counsel has submitted an affidavit stating that he received the complaint on October 16, 2014. This eliminates any ambiguity as to the timeliness of removal without altering the basis for federal jurisdiction. Therefore, Midland's motion to amend is being allowed.

Midland's NOR, as amended, establishes that removal was timely. See R&R at 6-7. It also asserts that, between 2011 and 2013, Midland collected more than $53,000,000 from Massachusetts residents. Khath contends that Midland has nevertheless failed to allege that more than $5,000,000 is in controversy. Khath relies on Bergquist v. Mann Bracken, LLP, 592 F.3d 816, 818 (7th Cir. 2010), in arguing that the Rooker-Feldman doctrine bars adjudication of any class claim that would require a federal court to set aside a state court decision. Under Bergquist, the

district court should first determine whether the class can be "limited in a way that avoids any Rooker-Feldman problem," then determine whether it would have jurisdiction over such a class. Id. at 820.

The Magistrate Judge recognized that "several of the claims [raised by Khath] may well implicate Rooker-Feldman." R&R at 15. However, she concluded that "[m]any of the Rooker-Feldman issues would appear to be more appropriately decided at the time of class certification." Id. at 16. Accordingly, she recommends calculating the amount in controversy based on the entire proposed class, and that the court review its jurisdiction after a class has been certified. Id. 13 & n.8.

The Magistrate Judge's approach is consistent with pertinent precedent. The Supreme Court recently clarified that, under CAFA, a district court must "determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (emphasis added). The Court went on to explain that where there is a "very real possibility" that limitations on recovery "may not survive the class certification process," those limitations need not be considered the purpose of determining the amount in controversy. Id. at 1350.

5

In Count I of his complaint, Khath alleges that Midland's state court judgments were obtained unlawfully and constituted "fraud on the court." Complaint ¶18. As the Magistrate Judge recognized, it is an open question whether the Rooker-Feldman doctrine applies to claims premised on the wrongful conduct of the party that prevailed in state-court. See R&R at 15 n.10 (citing cases). Accordingly, Rooker-Feldman may not bar Khath's claims at all. The court finds that it would be inappropriate to discount the vast majority of the amount in controversy[1] based on an argument that "may not survive the class certification process." Standard Fire, 133 S. Ct. at 1350. As the Magistrate Judge explained, the issue of jurisdiction can be revisited if and when a class is certified. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction.").

---

[1] Count I describes a four-year class period. Midland asserts that in three years it collected over $53,000,000 from Massachusetts residents. Therefore, the total amount at stake for the four-year period is likely to be close to $70,000,000. See Amoche, 556 F.3d at 51 (court may consider facts plead by both parties in determining amount in controversy); Lucas, 973 F. Supp. 2d at 103 (extrapolating amount in controversy from pleadings). Less than 10 percent of this amount would need to be at stake to satisfy the more than $5,000,000 amount in controversy requirement.

In addition, the court finds that, even if it were to apply the Rooker-Feldman doctrine now, Midland has satisfied the more than $5,000,000 amount in controversy requirement. A defendant seeking removal under CAFA "must show a reasonable probability that more than $5 million is at stake in [the] case." Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 50 (1st Cir. 2009). As this court has previously noted, in Amoche the First Circuit stated that "'the reasonable probability standard is . . . for all practical purposes identical to the preponderance [of the evidence] standard . . . .'" Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 100 (D. Mass. 2013) (quoting Amoche, 556 F.3d at 50); see also Toglan v. Marriott Int'l, Inc., No. CA 10-10954-MLW, 2011 WL 3625270, at *3 (D. Mass. Aug. 15, 2011) (same). Midland must, therefore, show that it is "more likely than not" that if Khath prevails on his claims, the total class-wide recovery will exceed $5,000,000. Lucas, 973 F. Supp. 2d at 101.

In Count II, Khath asserts a claim for unjust enrichment based on Midland's allegedly unlawful collection activities. In doing so, he alleges an independent basis to recover damages from Midland. The relief sought would include the value of any state court judgments Midland improperly obtained, but would not vacate those judgments. Therefore, this claim is not barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi

7

Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is [federal] jurisdiction . . . ." (internal quotations omitted)). Midland's amended NOR alleges that it collected more than $53,000,000 in the three years preceding the complaint. Khath asserts that all of Midland's collection activities during this time were unlawful. Therefore, the court finds that more than $5,000,000 is in controversy with regard to Count II.[2]

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The attached Report and Recommendations (Docket No. 27) is ADOPTED in part and MODIFIED in part, as described in this Memorandum and Order, pursuant to 28 U.S.C. §636(b)(1).

2. For the reasons stated in the Report and Recommendations, Midland's Motion to Amend Notice of Removal (Docket No. 13) is ALLOWED.

---

[2] The claim Khath asserts in Count II may be barred by res judicata, if it was or could have been raised during prior state court proceedings. See Exxon, 544 U.S. at 293. However, preclusion is not a jurisdictional matter. Id.

3.   For the reasons stated in this Memorandum and Order, Khath's Motion to Remand to State Court (Docket No. 9) is DENIED.

4.   This case is referred to Magistrate Judge Boal for further pretrial proceedings.

_____
UNITED STATES DISTRICT JUDGE